

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CLYDE T. MAYBERRY,<br><br>*Plaintiff,*<br><br>v.<br><br>MIKE JOHANNS, SECRETARY OF AGRICULTURE, ET AL.,<br><br>*Defendants.* | CIVIL ACTION NO. 6:05-CV-00012<br><br>ORDER AND OPINION<br><br>JUDGE NORMAN K. MOON |

On April 15, 2005, *pro se* Plaintiff filed a Motion for Emergency Hearing, requesting "a temporary injunction" against Defendants from effecting a nonjudicial foreclosure of Plaintiff's property on May 13, 2005. Noting the *pro se* status of Plaintiff, the Court treated the motion as one for a preliminary injunction, and it denied the motion in an Order dated May 11, 2005. In light of this Order, Plaintiff subsequently filed two additional pleadings, both on June 10, 2005. First, Plaintiff filed an Amended Complaint, which reasserts his claims from the original Complaint but modifies his prayer for relief in light of the May 13, 2005 foreclosure of his property. Second, Plaintiff filed a motion styled "Motion For Court Determination of Civil Rights Violation of Plaintiff in a Non-Judicial Foreclosure." This second pleading requests a hearing concerning Defendants' alleged civil rights violation against Plaintiff.

As provided by Rule 15(a) of Federal Rules of Civil Procedure, a party may amend its

pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, any time within twenty (20) days after it is served. "Otherwise, a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). At the time of Plaintiff's Amended Complaint, although Defendants had filed a responsive pleading to Plaintiff's motion for a preliminary injunction, and although that responsive pleading addressed some issues from the Complaint, Defendants had not yet filed a formal responsive pleading to Plaintiff's Complaint. For this reason, Plaintiff does not need leave to amend from this Court and thus may file his Amended Complaint as a matter of right.

In light of the fact that this Court is now maintaining an action pursuant to Plaintiff's Amended Complaint, which references Defendants' alleged civil rights violations, Plaintiff's new motion for a hearing on Defendants' alleged civil rights violations is premature. The Federal Rules of Civil Procedure contemplate a litigation process in which a defendant may respond to the complaint and file dispositive motions prior to a court's consideration of the substantive merits of the case. Because the instant action has not yet entered the stage for consideration of the substantive merits, Plaintiff's request for a hearing is hereby DENIED.

. . .

. . .

. . .

. . .

2

It is so ORDERED.

The Clerk of the Court is directed to send a copy of this Order to all parties.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

June 21, 2005
Date

3