CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 13 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CLYDE T. MAYBERRY,<br><br>         *Plaintiff,*<br><br>v.<br><br>MIKE JOHANNS, SECRETARY OF<br>AGRICULTURE, ET AL.,<br><br>         *Defendants.* | CIVIL ACTION NO. 6:05-CV-00012<br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on a number of motions. On June 10, 2005, the *pro se* Plaintiff filed a motion styled as a "Motion for Court Determination of Civil Rights Violation of Plaintiff in a Non-Judicial Foreclosure." The Court denied this motion by an Order dated June 21, 2005. Also on June 10, 2005, Plaintiff filed a motion styled as a "Motion for a Court Determination of Jury Trial Demand," upon which the Court has not ruled. Subsequently, on July 1, 2005, Plaintiff again filed his motion styled as a "Motion for Court determination of Civil Rights Violation of Plaintiff in a Non-Judicial Foreclosure," which the Court takes as a motion for reconsideration of its previous ruling.

  On July 5, 2005, Defendant filed a Motion for Summary Judgment. On July 6, 2005, Plaintiff again filed his motion styled as a "Motion for Court Determination of Jury Trial Demand." Further, on July 12, 2005, Plaintiff filed a Motion to Deny Defendant's request for

Summary Judgment. The Court now considers the outstanding motions.

The material facts are not in dispute. On May 18, 1978 and February 19, 1980, Plaintiff and his wife executed two promissory notes in the respective amounts of $3,500 and $35,740, covering loans made to Plaintiff by the Farmer's Home Administration (FmHA), an agency of the Department of Agriculture. As security for these debts, FmHA required Plaintiff to enter into two real estate deeds of trust, which FmHA properly recorded with the Clerk of the Circuit Court of Appomattox County on May 18, 1978 and February 19, 1980, respectively. Paragraph 19 of both deeds of trust provide as follows:

> WAIVER: THE BORROWER ACKNOWLEDGES AND AGREES THAT IF HE DEFAULTS A NONJUDICIAL FORECLOSURE OF THE PROPERTY MAY BE CONDUCTED WITHOUT A HEARING OF ANY KIND. THE BORROWER HEREBY WAIVES ANY RIGHTS HE MAY HAVE TO SUCH A HEARING.

Plaintiff made no payments on these promissory notes after March 4, 1980. As of February 10, 2005, Plaintiff had incurred a total arrearage of $93,616.00.

Pursuant to the terms of the deeds of trust, the Department of Agriculture initiated foreclosure proceedings. In an effort to defeat these efforts, Plaintiff first filed a suit against the government on October 13, 2004. On November 10, 2004, Plaintiff filed for Chapter 13 bankruptcy and dismissed that suit on November 17, 2004. On March 18, 2005, the Bankruptcy Court granted Plaintiff's motion to convert his case to a Chapter 7 bankruptcy.

Plaintiff argues that FmHA's nonjudicial foreclosure is unconstitutional. As a threshold matter, the Court notes that the judicial foreclosure at issue in this case was pursuant not to a Virginia statute, but to the terms of the contract itself. Even noting Plaintiff's *pro se* status and reading Plaintiff's complaint broadly, it is clear that Plaintiff's argument cannot survive summary

2

judgment. As discussed in this Court's denial of Plaintiff's request for a preliminary injunction, Plaintiff has not explained even generally his theory of the way in which nonjudicial foreclosure the violates the law that he cites. Further, Plaintiff has cited no case law, and the Court knows of none, to support his argument of unconstitutionality. No court to date has held that FmHA's nonjudicial foreclosure procedure is facially unconstitutional. Quite to the contrary, the great weight of law generally supports the constitutionality of nonjudicial foreclosures. *See, e.g., Charmicor, Inc. v. Deaner*, 572 F.2d 694, 695 (9th Cir., 1978); *Roberts v. Cameron-Brown Co.*, 556 F.2d 356 (5th Cir. 1977); *Manstream v. Dep't of Agric.*, 649 F. Supp. 874, 884-85 (M.D. Ala.1986).

Plaintiff refers to the violation of his due process rights in his "Motion for Court Determination of Civil Rights Violation of Plaintiff in a Non-Judicial Foreclosure." Like other constitutional rights, however, due process rights may be waived. *D.H. Overmeyer Co. v. Frick Co.*, 405 U.S. 174 (1972); *Swarb v. Lennox*, 405 U.S. 191 (1972). In foreclosure actions, one may waive these rights by contract, *U.S. v. Wynn*, 528 F.2d 1048, 1050 (5th Cir. 1976) (per curiam), or by failure to respond to notices of delinquency. *Hoffman v. U.S. Dep't of Hous. & Urban Dev.*, 519 F.2d 1160, 1165 (5th Cir. 1975). In determining the validity of a waiver, the court will examine factors such as the relative bargaining power of the parties, the borrower's ability to understand the contract provisions, and the clarity of the contract language. *Wynn*, 528 F.2d at 1050. The facts in this case overwhelmingly show that Plaintiff waived any rights he may have had. He signed not once but twice deeds of trust containing an indented, capitalized paragraph in bold font warning of the possibility of nonjudicial foreclosure and waiving "any rights he may have" to a hearing. His ability to proceed *pro se* and write and respond to legal

3

pleadings indicates that he is intelligent and was able to determine the significance of the documents he signed. In addition, he ceased payments on his loans more than twenty-five years ago. The fact that he made some payments on his 1978 debt demonstrates that he was aware that a loan must in fact be repaid. Plaintiff's extreme delinquency in payment coupled with his signature of the deeds of trust constitutes a valid waiver of any applicable due process rights.

Plaintiff additionally does not contest the foreclosure procedure or propound any contract defenses to the action. Plaintiff's brief in support of his Motion for a Court Determination of Civil Rights Violation argues that he should not be responsible because "[e]ach individual being answerable to his Creator for his actions and their consequences, must have the right to choose the acts." The Court does not dispute that Plaintiff may be answerable to his Creator for his actions and their consequences. Unfortunately for Plaintiff, however, when he executed promissory notes for loans he received from FmHA, he also became answerable to FmHA. Plaintiff's obligations regarding repayment, as well as the consequences for failing to comply, were explicitly and unambiguously controlled by that contract. As discussed above, the evidence demonstrates that Plaintiff is an intelligent person who knowingly entered into the arrangement. Further, Plaintiff does not allege any duress or fraud, nor does he contend that the sale price of his land was inadequate or the procedure was irregular. Accordingly, Plaintiff has not offered any legal theory which would invalidate the deeds of trust he signed.

Because Plaintiff has offered no further clues as to his particular line of argument, and he has cited no law from which it can be divined, he has not demonstrated the existence of a legal theory upon which he can proceed. As there is no genuine issue of material fact, and Plaintiff's pleadings reveal no triable dispute, Defendant is entitled to judgment as a matter of law.

4

In light of the above legal ruling, Plaintiff's demand for a jury trial is rendered moot.

An appropriate Order shall issue this day.

ENTERED: *signature*
U.S. District Judge

Sept. 13, 2005
Date

5